*787 OPINION.
Lansdon:
The only question to be decided here is whether the petitioner realized a taxable profit when he surrendered the stock and bonds of the Hillside Coal Co. at the par value of $125,000 and received therefor all the assets of such .company at the date of its liquidation in the taxable year.
We are convinced that the property paid in by the petitioner for the bonds and stock in question was worth not less than $125,000 and that such bonds and stock had a fair market price or value at date of acquisition and at March 1, 1913, of not less than such amount. The date of final liquidation is not in the record but the parties agree that it was some time in the taxable year. At January 1, 1919, the Hillside Coal Co. had no assets other than the deferred purchase money notes in the amount of $110,000, which it had received in part payment for its property. Upon liquidation such notes were assigned and transferred to the petitioner in consideration of his surrender and cancellation of its stocks and bonds. As the sole stockholder of the Hillside Coal Co. and therefore the sole distributee of its assets in liquidation, the petitioner became liable for all the outstanding obligations of the company which included interest due and unpaid on the bonds in an amount not less than $39,000 and certain other unpaid accounts of such company in amounts not disclosed by the record. The property received at date of liquidation, subject to liabilities in excess of $39,000 was worth less than $125,000. No taxable profit resulted from the petitioner’s receipt of such property received in liquidation of the Hillside Coal Co. in the taxable year.

Judgment will he entered for the fetitioner.

Considered by Stern hagen, Green, and Arundell.